UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ISAIAH BUTLER,                      )
                                    )
            Plaintiff               )
                                    )       1:25-cv-00213-LEW
v.                                  )
                                    )
DARRELL BRYANT, et al.,             )
                                    )
            Defendants              )

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint seeking to recover damages allegedly resulting from the actions of jail officials while Plaintiff was in custody at the Kennebec County Correctional Facility.  (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted.  (Order, ECF No. 4.)  In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or . . . as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**LEGAL STANDARD**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols*., No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This

2

is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL BACKGROUND

Plaintiff alleges that after an altercation with a corrections officer who removed legal mail from his cell, Defendant Bryant and other officers placed him in administrative segregation without an official write up and with no reason given for the placement. (Complaint at 3.)

## DISCUSSION

Plaintiff's complaint could be construed to attempt to assert a claim under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The analysis of a due process claim includes two considerations. A court first considers "whether there exists a liberty or property interest of which a person has been deprived," and if so, it then considers "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "[T]he processes required by the Clause with respect to the termination of a protected interest will vary depending upon the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 320 (1985).

To raise a due process concern over a deprivation of liberty, an inmate's complaint must describe an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that prisoner placed

3

in segregation for 30 days did not experience "a major disruption in his environment"). In

*Wilkinson v. Austin*, the Supreme Court explained:

> After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves "in relation to the ordinary incidents of prison life." *Id*., at 484, 115 S. Ct. 2293.

> Applying this refined inquiry, *Sandin* found no liberty interest protecting against a 30-day assignment to segregated confinement because it did not "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Id*., at 485, 115 S. Ct. 2293. We noted, for example, that inmates in the general population experienced "significant amounts of 'lockdown time'" and that the degree of confinement in disciplinary segregation was not excessive. *Id*., at 486, 115 S. Ct. 2293. We did not find, moreover, the short duration of segregation to work a major disruption in the inmate's environment. *Ibid.*

545 U.S. 209, 223 (2005). Plaintiff's liberty interest is limited to avoiding conditions of

confinement that impose an "atypical and significant hardship … in relation to the ordinary

incidents of prison life." *Sandin*, 515 U.S. at 484.

Plaintiff appears to allege that Defendants deprived him of due process by placing

him in segregation without an official write up or explanation. Plaintiff does not provide

any information regarding his time in segregation, including the length of time he was in

segregation. As the Supreme Court's analysis in *Wilkinson* demonstrates, the mere use of

administrative segregation does not constitute a constitutional violation. Without more

facts regarding Plaintiff's time in administrative segregation, Plaintiff's allegations would

not support a finding of an atypical and significant hardship as contemplated by *Wilkinson*

and *Sandin*. Plaintiff has thus failed to allege sufficient facts to support a claim based on

the loss of a liberty interest protected by the Due Process Clause.

CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of July, 2025.