UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 1:25-cv-00213-LEW |
| v. | ) | |
| | ) | |
| DARRELL BRYANT, et al., | ) | |
| | ) | |
| Defendants | ) | |

**SUPPLEMENTAL RECOMMENDED DECISION
AFTER REVIEW OF PLAINTIFF'S COMPLAINT
AND AMENDED COMPLAINT**

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommended that the Court dismiss the matter. (Recommended Decision, ECF No. 11.) Plaintiff subsequently filed an amended complaint and additional documents (Amended Complaint, ECF No. 14; Additional Attachments, ECF No. 15.) Because Plaintiff's amended complaint does not allege an actionable claim, I reiterate my recommendation that the Court dismiss the matter.

In his amended complaint, Plaintiff alleges the following:

> On March 29th, 2025 after a supposed assault on Ofc. Champagne, Cpl. Bryant placed me in segregation for over 40 days with no hearing, ignoring my due process. During the time in max, I was denied access to the law library, Ofc's manipulated recreation time, Attorney-Client privilege was breached and I motioned to remove counsel. Administrators followed no procedures, no process was given at all after my grievance was made.

(Amended Complaint at 3.)

Plaintiff's allegations can largely be characterized as conclusory (e.g., attorney client privilege was breached). Plaintiff's conclusory assertions are insufficient to state an

actionable claim. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard."). The Federal Rules of Civil Procedure "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

The only allegation that might be viewed as non-conclusory is Plaintiff's assertion that he was placed in disciplinary segregation for 40 days without a hearing. The Fourteenth Amendment provides that states cannot "deprive any person of life, liberty, or property, without due process of law," U.S. Const. Amend. XIV, but because "imprisonment carries with it the circumscription or loss of many significant rights," *Hudson v. Palmer*, 468 U.S. 517, 524 (1984), prisoners only have a protected liberty interest from state rules and procedures against transfer or assignment if the new conditions of confinement "constitutes an atypical and significant hardship relative to the ordinary incidents of prison life." *Perry v. Spencer*, 94 F.4th 136, 147 (1st Cir. 2024) (internal quotation marks omitted) (discussing *Sandin v. Conner*, 515 U.S. 472 (1995) and *Wilkinson v. Austin*, 545 U.S. 209 (2005)).

Plaintiff's due process claim fails because he does not allege any facts that would support a finding that his time in segregation constitutes an atypical and significant hardship as courts have required greater periods of segregation before recognizing a protected liberty interest based on duration alone. *See Sandin*, 515 U.S. at 476–77 (finding no liberty interest from thirty days in disciplinary segregation); *Wilkinson*, 545 U.S. at 214

(finding a protected liberty interest against indefinite supermax segregated assignment); *Perry*, 94 F.4th at 160 (finding a protected liberty interest against "a duration of solitary confinement of more than ninety days" without a hearing based on the prison system, regulations, and state law in Massachusetts).

For the reasons stated in the original Recommended Decision and in this Supplemental Recommended Decision, I recommend the Court dismiss the matter.[1]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of October, 2025.

---

[1] In one of Plaintiff's flings, Plaintiff expresses some concerns regarding the jail's handling of his mail, including his belief that mail from the court has "been showing up later than usually." (Plaintiff's Declaration, ECF No. 15-2.) It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "[t]he constitutionally-protected right of access to the courts is narrow in scope." *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000). "The right of access to the courts, in the context of prisoners, is addressed only to a prisoner's right to attack his [or her] conviction and his [or her] right to challenge the conditions of [] confinement." *Riva v. Brasseur*, No. 15-2554, 2016 WL 9650983, at *1 (1st Cir. Sept. 12, 2016). "Nothing in the [filings] indicates that [Plaintiff's] access to the courts has not been adequate or meaningful." *Dupont v. Dubois*, 99 F.3d 1128 (1st Cir. 1996). The Court recently dismissed a complaint filed by Plaintiff in which Plaintiff raised similar concerns regarding the processing of mail at the Kennebec County Jail. *See Butler v. Gagnon*, No. 1:25-cv-245-LEW.