UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00213-LEW |
| | ) | |
| DARRELL BRYANT et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
AND IMPOSING *COK* WARNING**

On July 7, 2025, United States Magistrate Judge John C. Nivison filed with the court, with a copy to the Plaintiff, his Recommended Decision (ECF No. 11) on Plaintiff's Complaint seeking to recover damages allegedly resulting from the actions of jail officials while Plaintiff was in custody at the Kennebec County Correctional Facility, and recommended that the case be dismissed. Plaintiff filed a Motion for Leave to file an Amended Complaint (ECF No. 12), which was filed on July 28, 2025 (ECF No. 14). Magistrate Judge Nivison filed his Supplemental Report and Recommended Decision on October 2, 2025 (ECF No. 21) and again recommends that the Court dismiss this matter. On October 14, 2025, the Plaintiff filed his Objection (ECF No. 22).

I have reviewed and considered the original Recommended Decision, the Supplemental Recommended Decision, and the Objection, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decisions; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decisions and determine that no further proceeding is necessary. To reiterate, a state prison official's failure to follow administrative grievance procedures established by the state does not give rise to a claim under the United States Constitution unless it is associated with an

1

atypical and significant hardship. Furthermore, Plaintiff's allegations do not support a reasonable inference that any of the officials against whom he presses his claim caused Plaintiff harm or prejudice due to an inability to communicate with counsel in regard to his defense to the charges pending in state court for which he is detained. Plaintiff alleges, instead, that certain administrative measures have simply made it harder for him to speak with counsel. And in terms of Plaintiff's ability to access to the courts, it appears to be unimpeded by prison administrators.

Plaintiff, proceeding pro se, has filed six cases since April 30, 2025. *See Butler v. Bryant, et al.*, No. 1:25-cv-213-LEW; *Butler v. Simmons, et al.*, No. 1:25-cv-233-LEW; *Butler v. McCamish, et al.*, No. 1:25-cv-239-LEW; *Butler v. Gagnon, et al.*, No. 1:25-cv-245-LEW; *Butler v. Kennebec County, et al.*, No. 1:25-cv-274-LEW; *Butler v. Goodchild, et al.*, No. 1:25-cv-346-JAW. Per *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), the Court warns Mr. Butler that if he continues to file pleadings in this Court that fail to state plausible constitutional or federal claims, his ability to file pleadings here will be restricted.

The Recommended Decision (ECF No. 11) and the Supplemental Recommended Decision (ECF No. 21) of the Magistrate Judge are hereby ADOPTED. Plaintiff is issued a Cok Warning. The case is DISMISSED.

SO ORDERED.

Dated this 28th day of October, 2025.

                                           /s/ Lance E. Walker
                                           CHIEF U.S. DISTRICT JUDGE